[No. 2849–3. Division Three. April 3, 1979.]

WILLIAM W. GLASSMAKER, *Appellant*, v. NOEL RICARD, ET AL, *Respondents*.

*Joe McAdams,* for appellant.

*Velikanje, Moore & Shore* and *George F. Velikanje,* for respondents.

GREEN, C.J.—The plaintiffs brought this action against the defendants to collect the accelerated balance of a promissory note which was in default. The trial court concluded that acceleration was not justified because the delinquent installment payment had been made before the defendants were actually apprised of plaintiffs' election to accelerate the balance. From a judgment for the defendants, the plaintiffs appeal. We affirm.

The sole issue is whether plaintiffs, by the mere filing of a summons and complaint, effectively exercised their option to accelerate the balance due on the promissory note.

In October 1975, plaintiffs sold Mel's Tavern in Moses Lake to the defendants. Defendants executed a valid promissory note to plaintiffs in the amount of $20,000, payable in monthly installments of $200. The note provides that the holder "may declare the whole amount due and payable" upon default and "may immediately institute suit to collect the said entire amount."

In April 1977, the defendants sold the tavern to Mr. and Mrs. Moore. This transaction along with the just mentioned note was placed in escrow with a bank in Moses Lake. All

payments were made to the bank, and it disbursed the money. Mr. Moore timely paid the monthly installments until July 24, 1977. That payment was not made until August 4, after the plaintiff husband and the defendant husband had met and discussed the delinquent installment. In September, Mr. Moore failed to make timely payment a second time. The husbands again met, but the plaintiff husband did not indicate that he was going to accelerate the note. Then, on October 6, plaintiffs' attorney advised the bank to refuse any tendered payments unless they were for the total unpaid balance of the note. Plaintiffs filed this action on October 7.

On October 12, the bank accepted a payment of $500 from Mr. Moore. The next day the bank's lending officer wrote a letter to the Moores advising them that the bank was holding their payment conditionally because it had been instructed not to accept further installment payments. The defendants first learned of the acceleration of the note on October 18 when they were served with a copy of the summons and complaint.

The plaintiffs contend that they effectively exercised their option to accelerate the payments on the note by filing this action. They assign error to the trial court's conclusion that the tender and acceptance of the delinquent amount before the defendants were actually apprised of the acceleration operated to defeat plaintiffs' action. We find no error.

"'[M]ere default in payment does not mature the whole debt . . .'" *A.A.C. Corporation v. Reed,* 73 Wn.2d 612, 615, 440 P.2d 465 (1968). As stated by the court in *Weinberg v. Naher,* 51 Wash. 591, 594, 99 P. 736 (1909):

> *Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due.* This exercise of the option may of course take different forms. It may be exercised by giving the payors formal notice to the effect that the whole debt is declared to be due, or by the commencement of an action to recover the debt, or perhaps by any means by which it is clearly brought

home to the payors of the note that the option has been exercised before the [amount due] is paid or tendered. (Italics ours.) Under *Weinberg,* acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date. Here, the filing of a complaint without service or other attempted notice to the maker did not accomplish this result. *See also,* cases collected in Annot., *What Is Essential To Exercise of Option To Accelerate Maturity of Bill or Note,* 5 A.L.R.2d 968 (1949).

The language contained in *Weinberg* that commencement of an action by the holder of a note may be sufficient to declare the debt accelerated does not aid plaintiffs. Neither does the holding to the same effect in *Hartge v. Capeloto,* 136 Wash. 538, 241 P. 5 (1925), lend support to their position. These cases were decided at a time when an action was not deemed commenced until the summons and complaint had been served *and* filed. *See Miles v. Chinto Mining Co.,* 21 Wn.2d 902, 153 P.2d 856, 156 P.2d 235 (1944). Consequently, the commencement of an action gave a maker actual notice of the acceleration. Since the adoption of CR 3 in 1967, an action is commenced by service or filing of the summons and complaint. Here, plaintiffs had merely filed their summons and complaint at the time the delinquent payment was accepted by the bank. Thus, the actual notice requirement of *Weinberg* and *Hartge* was not satisfied. Commencement of an action under the old law was effective notice to the maker.

*Jacobson v. McClanahan,* 43 Wn.2d 751, 264 P.2d 253 (1953), and *Puget Sound Mut. Sav. Bank v. Lillions,* 50 Wn.2d 799, 314 P.2d 935 (1957), relied upon by plaintiffs, are also distinguishable. In *Jacobson,* the court held that an election to accelerate payments does not require a notice of *intention* to accelerate. *Jacobson* is not concerned with the issue presented here, *i.e.,* the sufficiency of the notice of the actual acceleration. In *Puget Sound,* the holder had advised

the maker by letter of his acceleration. No similar notice occurred in the instant case.

Accordingly, we affirm the judgment.

MUNSON and McINTURFF, JJ., concur.