# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

SANDRA M. MERCERI, a single
woman,

     Respondent,

     v.

THE BANK OF NEW YORK MELLON,
a national banking association, as
trustee, on behalf of the holders of the
Alternative Loan Trust 2006-OA19,
Mortgage Pass Through Certificate
Series 2006-OA19; and THE BANK OF
NEW YORK, as trustee, on behalf of
the holders of the Alternative Loan
Trust 2006-OA19, Mortgage Pass
Through Certificate Series 2006-OA19;
and BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, as
trustee, on behalf of the holders of the
Alternative Loan Trust 2006-OA19,
Mortgage Pass Through Certificate
Series 2006-OA19,

     Appellants.

DIVISION ONE

No. 76706-2-I

PUBLISHED OPINION

FILED: August 13, 2018

DWYER, J. — Mere default will not alone accelerate the payments due on an installment promissory note. Some affirmative action is required by the holder of the note that makes it clear and unequivocal to the payor that the holder has, in fact, declared the entire debt due. In this case, in the absence of such an affirmative act, the superior court deemed the payments due on a note to have

been accelerated. Because this acceleration took place more than six years before suit was filed, the superior court ruled, the applicable statutory limitation period barred the action. In accordance with these rulings, the superior court then quieted title to certain real property in the debtor. We hold that the payments due on the note were never accelerated and that the statutory limitation period never expired. Accordingly, we reverse.

I

Sandra Merceri owned a home in Bothell, Washington. In November 2006, she obtained a loan documented by a promissory note in the amount of $468,000. The adjustable rate note was payable in monthly installments, the first of which was due on January 1, 2007. The remaining installments were due on the first of each month thereafter, with the last payment due on December 1, 2046. A deed of trust secured the promissory note with a lien on Merceri's property.

Merceri defaulted on the loan in early 2010. Based on her failure to make monthly payments due under the note and deed of trust, a notice of default and intent to accelerate, dated February 16, 2010, was sent to Merceri. It stated, in pertinent part,

> If the default is not cured on or before March 18, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

In the months thereafter, Merceri was sent letters presenting options to her, such as loan modification, repayment arrangements, short sale, and full reinstatement. On June 3, 2011, defendant Bank of New York Mellon (the Bank) was assigned the deed of trust as trustee for a securitized trust.

Between 2013 and 2016, Select Portfolio Servicing, Inc. (SPS), the servicer of the loan, sent Merceri mortgage statements showing the amount due on her loan as the sum of past due monthly payments plus charges and fees. A January 2, 2013 notice of default listed the amount due to cure the default as $76,175.02 (much less than the entire loan amount) and stated, "SPS may accelerate all payments owing and sums secured by the Security Instrument."

On June 1, 2016, the successor trustee issued a notice of trustee sale, which stated, "The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $509,802.40, together with interest as provided in the Note from 2/1/2010 on, and such other costs and fees as are provided by statute."

Merceri initiated a suit against the Bank on October 14, 2016, seeking to quiet title to the property. She argued that the Bank's attempt to foreclose was barred because the six-year statutory limitation period had expired. This, she argued, was because the February 16, 2010 letter accelerated the payments due on the loan, making them all due upon her failure to cure her default by March 18, 2010.

Both parties filed motions for summary judgment. The trial court granted Merceri's motion for summary judgment, and entered a declaratory judgment quieting title and reconveying the deed of trust. The Bank appeals.

II

The Bank contends that the trial court erred by granting Merceri's motion for summary judgment and entering the judgment quieting title. This is so, the Bank asserts, because the applicable statutory limitation period regarding the Bank's ability to enforce payment of the loan obligation had never expired. We agree.

A

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Nichols v. Peterson Nw., Inc., 197 Wn. App. 491, 498, 389 P.3d 617 (2016). In doing so, we draw "all inferences in favor of the nonmoving party." U.S. Oil & Ref. Co. v. Lee & Eastes Tank Lines, Inc., 104 Wn. App. 823, 830, 16 P.3d 1278 (2001). "Summary judgment is proper if the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." U.S. Oil & Refining Co., 104 Wn. App. at 830.

B

An action upon a contract or agreement in writing must be commenced within six years. RCW 4.16.040. "As an agreement in writing, [a] deed of trust

4

foreclosure remedy is subject to a six-year statute of limitations." Edmundson v. Bank of Am., NA, 194 Wn. App. 920, 927, 378 P.3d 272 (2016).

Washington law distinguishes between demand promissory notes and installment promissory notes. Edmundson, 194 Wn. App. at 928-32. "'A demand [promissory] note is payable immediately on the date of its execution.'" Edmondson, 194 Wn. App. at 929 (internal quotation marks omitted) (quoting GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 135, 317 P.3d 1074 (2014)). As such, the statutory limitation period begins to run on a demand note when it is executed. Walcker v. Benson & McLaughlin, PS, 79 Wn. App. 739, 741-42, 904 P.2d 1176 (1995). An installment promissory note, on the other hand, is payable in installments and matures on a future date. See Edmondson, 194 Wn. App. at 929; see also Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945). "'[W]hen recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.'" Edmondson, 194 Wn. App. at 930 (quoting Herzog, 23 Wn.2d at 388).

Merceri's promissory note was an installment note payable in monthly installments over a period of 40 years. Its maturity date is in 2046. Thus, the statutory limitation period commenced for each installment from the time it became due and was not paid. But the final six-year period to take an action related to the debt does not begin to run until it fully matures in 2046. Accordingly, unless the note ceased to be an installment note, the Bank's 2016

notice of trustee sale is timely because the statutory limitation period applicable to the entire loan obligation has not yet started to run and the action was brought within six years of missed monthly installment payments.[1]

C

The Bank argues that the trial court erred in ruling that the payment obligation on Merceri's loan was accelerated by the 2010 notice, causing the six-year statutory limitation period to commence. We agree.

Our Supreme Court has held "that even if the provision in an installment note provides for the automatic acceleration of the due date upon default, mere default alone will not accelerate the note." A.A.C. Corp. v. Reed, 73 Wn.2d 612, 615, 440 P.2d 465 (1968). "'Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due.'" Glassmaker v. Ricard, 23 Wn. App. 35, 37-38, 593 P.2d 179 (1979) (quoting Weinberg v. Naher, 51 Wash. 591, 594, 99 P. 736 (1909)); 4518 S. 256th, LLC v. Karen L. Gibbon, PS, 195 Wn. App. 423, 436, 382 P.3d 1 (2016), review denied, 187 Wn.2d 1003 (2017).

> [A] provision hastening the date of maturity of the whole debt is for the benefit of the payee, and if he does not manifest any intention to claim it, before tender is actually made, there is in law no default such as will cause the maturity of the debt before the regular time provided in the agreement.

---

[1] Merceri argues briefly that the nonjudicial foreclosure attempt was not an "action" and that only a judicial foreclosure can toll the statute of limitations under RCW 4.16.170. This argument is unavailing. See, e.g., Edmundson, 194 Wn. App. 920. We will not further discuss this issue.

Coman v. Peters, 52 Wash. 574, 578, 100 P. 1002 (1909). "[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." Glassmaker, 23 Wn. App. at 38.

Here, the Bank sent Merceri a notice warning her that the entire debt would be accelerated if she failed to cure her default. The notice read, in pertinent part,

> If the default is not cured on or before March 18, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

Thereafter, the Bank did not take an affirmative action in a clear and unequivocal manner indicating that the payments on the loan had been accelerated. The Bank never declared that the entire debt was due. Nor did it refuse to accept installment payments. See, e.g., Rodgers v. Rainier Nat'l Bank, 111 Wn.2d 232, 757 P.2d 976 (1988) (trustee accelerated payments due on the loan by refusing partial payment and demanding principal and interest in full); Jacobson v. McClanahan, 43 Wn.2d 751, 264 P.2d 253 (1953) (lender accelerated payments due on the loan by giving notice of default and refusing to accept subsequent installment payments). In addition, mortgage statements sent to Merceri after the February 2010 notice show the amount due as merely the

sum of unpaid past due installments, not the full principal. The statements do not show an accelerated amount due.

Merceri makes several arguments in support of acceleration. She argues that her deed of trust is evidence of acceleration. It states that "failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured." Merceri contends that the February 2010 notice went a step further by stating that her loan "will be accelerated." This argument is not persuasive. A loan is accelerated by clear and unequivocal action by the lender. Regardless of how the February 2010 notice compares to the deed of trust, it still does amount to notice of acceleration. Merceri also argues that mortgage statements show acceleration because, after default, the Bank ceased to capitalize unpaid interest and charge late fees. But again, this falls far short of a clear and unequivocal statement of acceleration.

At oral argument, Merceri again claimed that language in the deed of trust compelled the conclusion that the debt was accelerated in 2010. But the language cited in paragraph 22 of the document upon which this contention relies, includes the following: "If the default is not cured on or before the date specified in the notice, Lender *at its option*, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and/or any other remedies permitted by Applicable Law." (Emphasis added.) There is no evidence in the record that this lender exercised its option.

8

Also at oral argument, Merceri pointed to the 2016 notice of trustee sale, which states that the principal sum owed was "$509,802.40," as evidence of acceleration.[2] But, even if this was so, a 2016 acceleration would not serve to bar a claim asserted in a 2016 lawsuit.

Finally, in both a supplemental statement of authority and at oral argument, Merceri pointed to the decision in Washington Federal, National Association v. Azure Chelan LLC, 195 Wn. App. 644, 382 P.3d 20 (2016), as being helpful to her claim. It is not.

In Washington Federal, the court described the key document as follows:

> Further, the April 2007 Notice of Default lists the various defaults and states the "Total Amount Due" as $6,116,545.07. This number includes the "Accelerated balance due under Promissory Note" of $5,656,151.29.

195 Wn. App. at 663 (citation to record omitted). No such action of the lender took place herein. Here, to the contrary, the lender offered the debtor numerous alternatives to paying the entire amount of the loan and repeatedly informed the lender that the amount due was the sum of missed monthly payments—not the entire principal amount. Merceri never received a notice of default setting forth an "Accelerated balance due." In these important respects, the Washington Federal decision bears little resemblance to this dispute and does not militate in favor of Merceri's arguments on appeal.

---

[2] The Bank answers that this figure proves no such thing and that, rather, the sum was included as required by law because it delineates the Bank's maximum interest in the proceeds of any forced sale.

The trial court erred by accepting Merceri's contention that the payments on the debt were accelerated in 2010.

### III

The trial court erred by ruling that the debt had been accelerated in 2010, that the statutory limitation period had expired, and that quieting title in Merceri was warranted. These rulings, and the judgment entered thereon, are reversed.

On remand, the trial court should grant the Bank's motion for summary judgment on the statute of limitation issue. It should then conduct proceedings consistent with the entry of that order.

Reversed and remanded.

We concur:

_Dwyer, J._

_Andrus, J._          _Mann, ACJ._