# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEUTCHE BANK NATIONAL TRUST COMPANY, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2,<br><br>                         Appellant,<br><br>    v.<br><br>GEORGE PETER BECK; DELBERT ARMSTRONG; PUGET SOUND LEASING CO., INC.; STATE OF WASHINGTON, DEPARTMENT OF REVENUE; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; AND PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,<br><br>                         Respondent. | No. 51425-7-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Deutsche Bank National Trust Company appeals the superior court's order granting George P. Beck's cross-motion for summary judgment and dismissing Deutsche Bank's foreclosure action. Deutsche Bank argues that the superior court erred because Deutsche Bank never clearly and unequivocally accelerated Beck's home mortgage loan, and therefore, the statute of limitations did not bar Deutsche Bank's foreclosure on the loan. We reverse the superior court's

order granting Beck's cross-motion for summary judgment and remand to the superior court for further proceedings consistent with this opinion.

## FACTS

On February 14, 2007, Beck executed a promissory note to Saxon Mortgage, Inc. for $433,000 payable in monthly installments. The note was set to mature on March 1, 2037. The note was secured by a deed of trust. The note was assigned to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2.

In July 2008, Beck stopped making monthly payments. In October, 2008, Beck was sent a notice of default stating the amount of default was $17,170.23. The notice of default also stated,

> If the default(s) described above is (are) not cured within thirty days of the mailing of this notice, the lender hereby gives notice that the entire principal balance owing on the note secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest, as well as costs of foreclosure, shall immediately become due and payable.

Clerk's Papers (CP) at 108. On June 5, 2013, Beck was sent another notice of default that stated the amount owing was $159,048.55 in principal and interest with additional costs for a total default of $217,858.78.

On July 6, 2016, Deutsche Bank filed a foreclosure complaint against Beck. Deutsche Bank also filed a motion for summary judgment. Deutsche Bank's motion for summary judgment was supported by affidavits and exhibits establishing the above facts.

Beck filed a cross-motion for summary judgment. Beck did not dispute the underlying facts of the case, but he argued that the October 2008 notice of default accelerated the loan and triggered the statute of limitations. Therefore, the statute of limitations for foreclosure expired.

Beck also argued that Deutsche Bank did not have authority to pursue the foreclosure because the note was assigned to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2; therefore, the Deed of Trust was originally improperly assigned to a non-existent entity. Beck included the assignment of the Deed of Trust from Saxon Mortgage, Inc. to Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 on October 27, 2008. Beck also included a second assignment of the Deed of Trust from Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2 on October 4, 2011.

The superior court granted Beck's cross-motion for summary judgment, dismissed Deutsche Bank's foreclosure action, and awarded Beck his attorney fees and costs. Deutsche Bank appeals.

ANALYSIS

Deutsche Bank argues that the superior court erred by granting Beck's cross-motion for summary judgment. We agree.

We review summary judgment orders de novo. *Washington Federal v. Azure Chelan, LLC*, 195 Wn. App. 644, 652, 382 P.3d 20 (2016). Summary judgment is appropriate if no genuine

issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c). "'A material fact is one upon which the outcome of the litigation depends.'" *Washington Federal*, 195 Wn. App. at 652 (quoting *Dong Wan Kim v. O'Sullivan*, 133 Wn. App. 557, 559, 137 P.3d 61 (2006), *review denied*, 159 Wn.2d 1018 (2007)). We review facts and inferences in the light most favorable to the non-moving party. *Id*.

Here, there are no genuine issues of material fact as to the issues raised by Beck's cross-motion on summary judgment. The parties agree on the language contained in the October 2008 notice of default. Therefore, the issue is only legal: whether the language of the October 2008 notice of default accelerated the loan and triggered the statute of limitations.

RCW 4.16.040 provides a six year statute of limitations for actions on promissory notes and deeds of trust. *Merceri v. Bank of New York Mellon*, 4 Wn. App. 2d 755, 759, 434 P.3d 84, *review denied*, 192 Wn.2d 1008 (2018). When the note is paid in installments, the six year statute of limitations runs against each individual installment when it is due. *Id.* at 759-60. However, when a note is accelerated, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016), *review denied*, 187 Wn.2d 1003 (2017). "'[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date.'" *Merceri*, 4 Wn. App. 2d at 761 (quoting *Glassmaker v. Richard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979)).

Deutsche Bank argues that the language in the October 2008 notice of default did not accelerate Beck's debt because the language was conditional and referenced actions that could be taken in the future—not actions that were currently being taken. We agree.

The language in the October 2008 notice of default stated,

> If the default(s) described above is (are) not cured within thirty days of the mailing of this notice, the lender hereby gives notice that the entire principal balance owing on the note secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest, as well as costs of foreclosure, shall immediately become due and payable.

CP at 108. This language does not clearly and unequivocally express that Deutsche Bank elected to accelerate the debt in 2008.

First, the language in the October 2008 notice of default is conditional. At the time the notice was sent, the loan was not accelerated because it explicitly provided that Beck had 30 days to cure the default before the loan could be accelerated. However, Beck argues that, because he did not cure the default, the language in the notice acted to automatically accelerate the loan once the condition was satisfied. But acceleration is not self-executing. *Merceri*, 4 Wn. App. 2d at 760. Therefore, to actually exercise the option to accelerate the debt, Deutsche Bank would have had to take some clear, unequivocal action to accelerate the loan once the condition for acceleration identified in the notice was met.

Second, the language in the October 2008 notice of default was a warning of an intended future action—it was not a statement of an action that was taken. For example, in *Merceri*, the court held that a notice of default stating that the loan "will be accelerated" if the default was not cured was not a declaration that the entire balance was due or that the loan was accelerated. *Id.* at

761. Similarly, here, the October 2008 notice of default's statement of default did not include an accelerated balance due; it only identified 4 delinquent payments totaling $16,015.96 and late charges totaling $18.50.[1] And no language in the October 2008 notice of default specifically informed Beck that the full principle amount of the loan plus all accrued interest is immediately due and payable. *Id*.

The conditional, future warning language of the October 2008 notice of default did not clearly and unequivocally express that Deutsche Bank was exercising the option to accelerate the loan. Accordingly, the superior court erred by granting Beck's cross-motion for summary judgment.[2]

---

[1] Attached to the same notice of default was a "Notice Required by the Fair Debt Collection Practice Act" which included the following paragraph:

> As of the date of this letter, you owe $455,806.95. Because of interest, late charges, and other charges that may vary from day to day, or may apply only upon payoff, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

CP at 111. However, this statement could not be a clear and unequivocal acceleration of the loan because it was attached to the same notice in which acceleration of the loan was made conditional on the failure to cure the default within 30 days. Instead, this statement is more reasonably construed simply as a statement of the full amount of the debt as of October 17, 2008 (the date the letter was sent) and not a statement of the amount that was currently owed or that was attempted to be collected. Accordingly, a statement of the full amount of the debt owed attached to a notice of default which makes acceleration conditional on failure to cure within 30 days, would not be a clear and unequivocal action accelerating the debt.

[2] Because we reverse the superior court's grant of summary judgment in favor of Beck, we also reverse the superior court's award of attorney fees and costs to Beck. Further, we decline to address which payments, if any, are barred by the statute of limitations or Beck's argument that Deutsche Bank lacks authority to foreclose. These issues may be properly addressed by the superior court on remand.

ATTORNEY FEES ON APPEAL

Deutsche Bank requests attorney fees on appeal under RAP 18.1 and the terms of the note. We grant attorney fees under RAP 18.1(a) "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses." Both the note and the deed of trust provide Deutsche Bank the right to recover reasonable attorney fees for actions brought to enforce the note. Because this is a foreclosure action to enforce the note and this appeal protected Deutsche Bank's interests in the foreclosure and note enforcement action, Deutsche Bank is entitled to recover attorney fees on appeal under the terms of the note and the deed of trust.

We reverse the superior court's order granting summary judgment and remand to the superior court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Cruser, J.