IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FFG2, | ) ) ) ) ) ) ) ) | No. 38276-1-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SHERYL C. MOORE, | ) ) | |
| Appellant, | ) ) | |
| OCCUPANTS OF THE PROPERTY, | ) ) | |
| Defendants. | ) | |

PENNELL, J. — Sheryl Moore appeals a judgment and decree of foreclosure issued in favor of trustee U.S. Bank National Association. We affirm.

FACTS

On December 5, 2006, Ms. Moore borrowed $242,100 from First Franklin Financial Corporation (First Franklin), a division of National City Bank. In connection with the loan transaction, Ms. Moore gave her originating lender a promissory note. The

note allowed First Franklin to accelerate the loan in the event of a default. To provide

security for the loan, Ms. Moore signed a deed of trust encumbering her Spokane home.

At some point, the loan was sold and transferred into a securitized mortgage trust

identified as First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed

Certificates, Series 2007-FF2.

Ms. Moore paid her monthly installments until March 1, 2008, at which point she

protested the terms of the loan and ceased making payments. On June 11, LaSalle Bank

National Association, who claimed to then hold the beneficial interest in the deed of trust,

sent Ms. Moore a notice of default. The notice had a reinstatement provision at paragraph

four that stated:

> . . . until such time as a notice of trustee's sale is recorded, the total amount
> necessary to reinstate your note and deed of trust is the sum of paragraphs 2
> and 3 in the amount of $9,074.44, plus any monthly payments, late charges,
> or inspection fees which have become due since the date of this notice of
> default.

Clerk's Papers (CP) at 440 (capitalization omitted). The notice also contained the

following in paragraph six:

> You are hereby notified that the beneficiary has elected to accelerate the
> loan described herein, and has declared the entire principal balance of
> $242,006.48, plus accrued and unpaid interest, escrow advances, accrued
> late charges, fees and costs, immediately due and payable.
> NOTWITHSTANDING SAID ACCELERATION, YOU HAVE THE
> RIGHT TO REINSTATE THE LOAN BY PAYING THE DELINQUENT

PAYMENTS, LATE CHARGES, COSTS AND FEES ON OR BEFORE
THE ELEVENTH (11) DAY BEFORE THE DATE OF THE TRUSTEE'S
SALE WHICH MAY BE SET BT A NOTICE OF TRUSTEE'S SALE,
ALL AS EXPLAINED IN PARAGRAPHS 4 AND 5 ABOVE.

*Id*. at 441. Ms. Moore failed to make any further payments or attempt to reinstate the loan.

On August, 19, 2009, an attorney issued a notice of trustee's sale to Ms. Moore advising that her property would be sold on November 20. The notice further advised Ms. Moore the sale would be terminated if at any time on or before November 9 she cured her default.

On November 2, 2009, Ms. Moore sued, among others, First Franklin and Bank of America National Association, which had recently merged with LaSalle Bank National Association, and had purportedly recently merged with Bank of America National Association. Ms. Moore alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, wrongful foreclosure of the deed of trust, and violations of the Washington Consumer Protection Act, chapter 19.86 RCW. Shortly after Ms. Moore filed suit, the trustee's sale was discontinued. A notice of discontinuance was dated November 12, and recorded on November 16. On July 5, 2011, the trial court granted summary judgment to the defendants and dismissed Ms. Moore's claims.

On March 26, 2012, Ms. Moore sent a dispute the debt letter to Home Retention Services. In the letter, Ms. Moore made the following statements:

- "I do not believe I owe what you say I owe." CP at 493.

- "[T]his is not a refusal to pay, but a notice . . . that your claim is disputed and validation is requested." *Id.*

- "This is an attempt to identify the true Creditor, if any, and confirm the exact amount of any debt." *Id.* at 494.

In December 2012, the loan servicer, Bank of America, N.A., sent Ms. Moore a notice stating only past due payments were owing. In February 2013, Select Portfolio Servicing sent Ms. Moore a notice of default right to cure indicating she could reinstate the loan by paying the outstanding balance. On April 28, and again on August 5, 2014, Quality Loan Service Corporation issued Ms. Moore notices of default. The notices stated Ms. Moore's loan was accelerated but that she could reinstate her loan up until 11 days before the trustee's sale, should one be scheduled. On September 16, 2014, Quality Loan Service Corporation scheduled a Trustee's Sale for January 2015 that was later rescheduled for February 27. The notice of sale indicated Ms. Moore could still cure prior to sale. Yet again, however, Ms. Moore filed suit before the sale could take place.

In February 2015, Ms. Moore filed suit against Select Portfolio Servicing Inc.,

Quality Loan Service Corporation of Washington, MERS, and U.S. Bank National

Association, (U.S. Bank) as trustee, in trust for registered holders of First Franklin

Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2. Ms.

Moore alleged that none of the defendants were note holders entitled to foreclose the deed

of trust on her residence. Ms. Moore also claimed the running of the statute of limitations

barred any foreclosure. Ms. Moore sought damages, declaratory relief, injunctive relief

against any foreclosure proceeding, and to quiet title to her home. The defendants moved

for summary judgment. In opposition to the summary judgment motion, Ms. Moore

argued the statute of limitations barred enforcement of the note and deed of trust, the

defendants lacked possession of the original promissory note or a valid assignment

thereof, and the mortgage obligation was not securitized.

The trial court noted the defendants presented the original note and deed of trust to

the court at the time of the summary judgment hearing. The court explained that because

the note and deed of trust were self-authenticating, the production of the note established

its prima facie authenticity and was sufficient to make the promissory note admissible.

Further, the court held the note was endorsed in blank and as such, it became bearer

paper, and thus the person in possession was entitled to enforce it. The trial court

5

concluded the defendants had the authority to conduct the nonjudicial foreclosure proceeding as the holders of the note and deed of trust. The trial court declined to address Ms. Moore's statute of limitations argument and held that she did not have standing to challenge the securitization of the loan. *Moore v. Select Portfolio Servicing, Inc.*, No. 34618-8-III (Wash. Ct. App. Jul. 18, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/346188_unp.pdf.

Ms. Moore appealed the trial court's grant of summary judgment to this court. We declined to review Ms. Moore's various assignments of error on the merits as they either were inadequately briefed or lacked factual support.

On December 1, 2017, Bank of America National Association, as successor by merger to LaSalle Bank National Association, assigned the deed of trust to U.S. Bank. On February 27, 2018, U.S. Bank, as trustee, in trust for Registered Holders of First Franklin, filed a judicial foreclosure action against Ms. Moore. In her answer, Ms. Moore denied she was in default and raised multiple challenges to foreclosure, including assertions that U.S. Bank failed to maintain a clear chain of title of ownership, failed to properly verify the note, and was attempting to collect on a different contract than what Ms. Moore entered into. Ms. Moore also alleged U.S. Bank's action was barred by the statute of limitations.

In March 2021, U.S. Bank filed a motion for summary judgment. U.S. Bank stated it lost the original note, explaining it sent the note to prior counsel for litigation use in a different case brought by Ms. Moore, that counsel presented the original note to the court in that matter, counsel sent back the note to U.S. Bank in February 2018, but at some point after that U.S. Bank lost the note. U.S. Bank filed a lost note affidavit on July 17, 2019, stating that U.S. Bank was in possession of the note when it was lost and had not transferred or assigned the note to any other party. U.S. Bank also submitted the declaration of Vanessa Power, who was counsel for U.S. Bank in its previous lawsuit against Ms. Moore. She stated that in June 2015 she received the original note and deed of trust from the trust's loan servicer, Select Portfolio Servicing. It was in her possession until February 21, 2018, at which point her firm returned the original note and deed of trust to Select Portfolio Servicing. Attached to Ms. Power's declaration as an exhibit was "a true and correct copy of the transmittal letter." CP at 380.

In its motion for summary judgment, U.S. Bank contended it was still entitled to foreclose on the lost note and deed of trust because under RCW 62A.3-301, a holder of a note may enforce the instrument if it was in possession at the time of the loss and had made no transfer of the instrument since its loss. U.S. Bank also argued Ms. Moore's

claims regarding U.S. Bank's possession of the note or the note's authenticity were barred

by collateral estoppel.

Ms. Moore opposed summary judgment, contending there were questions of

material fact regarding whether there was an enforceable contract, deed, or note because

U.S. Bank did not show chain of title. Ms. Moore also claimed the signatures on the note

were fraudulently obtained and disputed U.S. Bank's claim that she had filed to make

monthly payments starting on March 1, 2008. Ms. Moore also argued the six-year statute

of limitations had run, as the mortgage debt had been accelerated in June 2008.

The trial court granted U.S. Bank's motion for summary judgment. Ms. Moore

timely appeals.

ANALYSIS

*Statute of limitations*

Ms. Moore argues the statute of limitations has run on U.S. Bank's judicial

foreclosure action because the loan was accelerated in 2008. Because this matter was

decided against Ms. Moore on summary judgment, our review is de novo. *Bennett v.

Computer Task Grp., Inc.*, 112 Wn. App. 102, 106, 47 P.3d 594 (2002).

A promissory note and deed of trust, as written contracts, are subject to a six-year

statute of limitations for such contracts. RCW 4.16.040(1); *Cedar W. Owners Ass'n v.*

*Nationstar Mortg., LLC*, 7 Wn. App. 2d 473, 482, 434 P.3d 554 (2019). The six-year period begins "after the cause of action has accrued." RCW 4.16.005. For an installment promissory note, the cause of action "accrues for each monthly installment from the time it becomes due." *Cedar W. Owners Ass'n.*, 7 Wn. App. 2d at 484. The final six-year period for taking action on an installment note does not begin to run until the note fully matures. *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 760, 434 P.3d 84 (2018). However, if a lender accelerates an installment note, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016).

For acceleration to occur, the lender must take some affirmative action that informs the borrower that the entire debt is due immediately. *Merceri*, 4 Wn. App. 2d at 760. Acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date. *Glassmaker v. Ricard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979). A default on the loan alone will not accelerate a note, even if an installment note provides for automatic acceleration upon default. *Merceri*, 4 Wn. App. 2d at 760. "[A] conditional statement that failure to cure the default *will* accelerate the loan in the future does not unequivocally

9

alert the borrower that the note holder *has* already elected to accelerate the loan." *Terhune v. North Cascade Trustee Svs. Inc.*, 9 Wn. App. 2d 708, 723, 446 P.3d 683 (2019), *review denied*, *sub nom. Terhune v. U.S. Bank Trust N.A.*, 195 Wn.2d 1004, 458 P.3d 782 (2020).

Ms. Moore argues her loan was accelerated at three different points. First, in 2008 when she was sent a letter of default. Second, she argues the loan was accelerated in 2009 when she received a notice of trustee's sale advising her that her property would be sold on November 20, 2009, unless she reinstated the loan within 11 days of the sale. Because the court did not grant an injunction with a temporary restraining order until November 10, 2009, and Ms. Moore had not cured her debt, she argues that the loan was accelerated on November 9. Third, Ms. Moore says the loan was accelerated in 2011, when she received a notice of intent to accelerate.

We disagree with Ms. Moore that acceleration occurred on any of the foregoing dates. The 2008 notice advised Ms. Moore that the bank had conditionally elected to accelerate the note, but this election was not final. Ms. Moore retained the right to reinstate the loan by paying delinquent payments, late charges, costs, and fees, on or before the eleventh day before the date of the trustee's sale. CP 440. Ms. Moore was also advised that until the trustee's sale was recorded, the amount due was $9,074.44, not the

entire principal balance of $242,006.48. CP 440. Although Ms. Moore was provided

notice that a trustee's sale would take place on November 20, 2009, Ms. Moore filed suit

to enjoin the 2008 foreclosure 18 days before the scheduled trustee's sale. The sale was

officially discontinued shortly thereafter. After Ms. Moore's claim was dismissed,

mortgage statements sent to Ms. Moore show the amount due as merely the sum of past

due installments, not the full principal. Based on these circumstances, Ms. Moore has not

shown unequivocal evidence of acceleration in 2008. Nor was the 2011 notice of intent to

accelerate sufficient to establish acceleration and the start of the statute of limitations.

*Terhune*, 9 Wn. App. 2d at 723.

U.S. Bank filed the current foreclosure action on February 27, 2018. Ms. Moore

has not presented evidence showing the note in this case was accelerated more than six

years before this date. Thus, she has not established she is entitled to relief based on

expiration of the statute of limitations.

*Remaining claims*

Ms. Moore claims she is entitled to relief from judgment because U.S. Bank

cannot establish a clear chain of title for the note and because the loan is not securitized.

Ms. Moore raised similar issues in her prior appeal. We declined to reach the merits of

those arguments because Ms. Moore failed to support her contentions with citations to the record and to legal authority.

Ms. Moore again fails to support her claims regarding chain of title and securitization with adequate citations to factual and legal authority as required by RAP 10.3(a)(6). Ms. Moore cites to *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012), for the proposition that a clear chain of title is necessary, yet she provides no additional explanation or argument. Further, in both her opening and reply briefs, Ms. Moore fails to cite to a single legal authority to explain what effect securitization has on a loan. As Ms. Moore well knows, this court does not "consider conclusory arguments that are unsupported by citation to authority." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014). We decline to reach the remainder of Ms. Moore's claim, as she has failed to meet the standards for appellate review.

## ATTORNEY FEES

Both parties request attorney fees on appeal. RCW 4.84.330 permits a party to recover reasonable attorney fees and costs in any action on a contract where the contract provides for this award. Here, the note provides for such an award. Thus, U.S. Bank is entitled to reasonable fees and costs, subject to compliance with RAP 18.1(d).

## CONCLUSION

The judgment is affirmed. U.S. Bank's request for fees and costs is granted.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Staab, J.

No. 38276-1-III

FEARING, J. (concurring) — I disagree with some of the reasoning outlined by the majority in its opinion concerning the acceleration of the debt owed by Sheryl Moore. I agree with Moore that an acceleration occurred on July 11, 2008, when LaSalle Bank National Association sent Moore a notice of default. The notice read, in part:

> You are hereby notified that the *beneficiary has elected to accelerate* the loan described herein, and has declared the entire principal balance of $242,006.48, plus accrued and unpaid interest, escrow advances, accrued late charges, fees and costs, immediately due and payable. NOTWITHSTANDING SAID ACCELERATION, YOU HAVE THE RIGHT TO REINSTATE THE LOAN BY PAYING THE DELINQUENT PAYMENTS, LATE CHARGES, COSTS AND FEES ON OR BEFORE THE ELEVENTH (11) DAY BEFORE THE DATE OF THE TRUSTEE'S SALE WHICH MAY BE SET BT A NOTICE OF TRUSTEE'S SALE, ALL AS EXPLAINED IN PARAGRAPHS 4 AND 5 ABOVE.

Clerk's Papers at 441 (emphasis added). Contrary to the position of the majority, the creditor unequivocally exercised its right to accelerate subject to the debtor paying a lesser amount shortly before sale. Moore never paid that amount or any amount. Thus, Moore never fulfilled the condition subsequent, and, for a time, the notice of acceleration remained operative.

The new creditor, U.S. Bank, rescinded the acceleration when it sent Sheryl Moore a notice on October 13, 2012.  The notice offered a loan modification.  The notice further read that, if Moore did not accept the offer, she must pay only the amounts then in default.  Sheryl Moore does not argue that a creditor may not revoke the acceleration of a debt if done within the statute of limitations period or six years from the date of acceleration.

U.S. Bank may have accelerated the debt again by notices in 2014.  But the bank filed suit within six years of those notices.

I CONCUR:

_____
Fearing, J.