[No. 29552. Department One. July 26, 1945.]

STELLA F. HERZOG, *Appellant,* v. ROBERT E. HERZOG, *Respondent.*[1]

[1]Reported in 161 P. (2d) 142.

*J. Will Jones* and *Clarence L. Gere,* for appellant.

*Kenneth A. Cole,* for respondent.

MILLARD, J.—The trial of an action instituted by defendant in King county superior court for divorce from plaintiff resulted in entry of final decree October 5, 1912, which awarded both parties a divorce and awarded to the wife custody of the minor child of the parties. By that decree the father was required to pay to the mother "for the support of the said minor child the sum of fifteen ($15) per month until the further order of this court."

In 1923, both parties then being in that jurisdiction, Mrs. Herzog commenced an action in California on the King county judgment. Mr. Herzog admitted he was in arrears·in payments aggregating one thousand dollars for support of the minor child. The parties entered into a written contract December 7, 1923, which obligated the ex-husband to pay to his ex-wife the arrears of one thousand dollars at the rate of five dollars monthly, commencing December 1, 1923. The contract was never approved by the court. The contract further provided:

" . . . that the payment of $15.00 per month so ordered by the court in the said decree shall also from the said date of December 1st, 1923, be paid regularly each month on the first day thereof, together with the said sum of $5.00 or more to be applied on the arrears due as aforesaid, thus making under this agreement the sum of not less than Twenty ($20.00) Dollars per month to be paid by the said Robert E. Herzog to the said Stella F. Herzog.

"Receipt is hereby acknowledged by the said Stella F. Herzog of the payment of $20.00 as the first payment by the said Robert E. Herzog under this agreement. The next payment hereunder shall be due on the first day of January, 1924."

Action was commenced by the divorced wife June 17, 1943, in superior court for King county against her divorced husband for collection of unpaid balance of agreed delinquency of one thousand dollars and to collect further support payments accruing after December, 1923, together with interest on amounts due. Defendant answered and as an affirmative defense pleaded the bar of the statute of limitations.

While plaintiff correctly conceded that the decree awarding fifteen dollars monthly for the child's support had never been modified, she insisted that her action was based upon two obligations created by the written agreement of 1923 rather than one upon the agreement and one accrued upon the unmodified support order. Plaintiff admitted in open court that no payments, principal or interest, had been made upon either the agreement or support order within six years prior to commencement of this action.

The trial court found that the court's order for support of the minor child was not modified by the 1923 written agreement of plaintiff and defendant; that defendant's liability for further payments under the decree terminated when the child reached its majority, not later than October 17 [5], 1933; that the statute of limitations ran against the last portion of the accumulated payments of the support money under the decree not later than October 17 [5], 1939; that the statute of limitations commenced to run against each of the respective monthly installments of the one-thousand-dollar obligation as it became payable; that legal interest running from the effective date of the written agreement, December 1, 1923, matured and became payable on each installment of five dollars at the same time that the installment became due, hence the statute of limitations commenced to run at the same time; that all install-

ments except those maturing after July 1, 1940, ($185), had expired; and that interest on the unexpired installments from December 1, 1923, to date of judgment should be included in the recovery awarded. From judgment entered in consonance with the foregoing, plaintiff appealed.

■ No appeal was taken from the decree of divorce, which was final upon entry October 5, 1912; and that that decree was never set aside or modified, appellant concedes. The contention that the obligation of respondent to pay the monthly installments of fifteen dollars for the support of his minor child was created by the written agreement of 1923, under which appellant agreed to forbear immediate collection of the one thousand dollars already accrued, is not sound. The obligation of respondent for future support of his minor child continued to arise from the decree; and the general rules of law pertaining to duration of that liability should be applied, as insisted by counsel for respondent.

■ That a mother cannot waive the provisions of a decree for a minor child's support, needs no citation of sustaining authority.

■ Where, as in the case at bar, the decree makes an award for the benefit of a minor child, the court retains jurisdiction over that child and, during the child's minority, can modify, enlarge, or diminish the decree for the minor child's support. *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063.

■ The father's liability under a decree for the support of a minor child ceases when the child reaches its majority. *Evans v. Evans,* 116 Wash. 460, 199 Pac. 764; 27 C. J. S. 1251. This is true regardless of the fact that the decree recites "until the further order of this court," since, on arrival at majority, the child is no longer a ward of the court.

■ The child of appellant and respondent reached its majority not later than October 17, 1933 [October 5, 1933], at which time respondent's liability for further payments

under the decree terminated. It follows that there cannot be any difference in the ultimate result as to the effect of the statute of limitations on the several monthly payments of fifteen dollars whether they be deemed as accruing by virtue of the decree of 1912 or by virtue of the agreement of 1923, as the statute (Rem. Rev. Stat., § 157 [P.P.C. § 73-5]) applies to all amounts falling due more than six years prior to the commencement of this action upon the judgment or written contract alike.

In *St. Germain v. St. Germain,* 22 Wn. (2d) 744, 157 P. (2d) 981, we held that each separate installment awarded by a divorce decree for support of minor child of the parties constitutes a judgment as it becomes due, and that there would be no basis for a proceeding to enforce its collection if such proceeding were commenced six years after the installment was due.

There is no evidence establishing the date of birth of the child of the parties; however, the decree of October 5, 1912, discloses the child's existence in 1912. The trial court correctly found that the date (June 17, 1943) of the commencement of this action was more than six years subsequent to October 5, 1933, which was twenty-one years after the date of the decree.

In view of respondent's failure to challenge the authority of appellant mother to enter into the contract in December, 1923, with respondent to postpone collection of the one thousand dollars already accrued, we reserve decision respecting validity of such an agreement; hence there remains for solution the problem of the effect of the statute of limitations upon the obligation of one thousand dollars payable in monthly installments of five dollars.

While the parties agree that the six-year statute of limitations applies to the obligation, appellant argues that the statute does not apply until the last of the two hundred monthly payments of "$5.00 or more" had matured; that is, the first of the installments of five dollars had never become due, as interest at six per centum per annum on the principal amount of one thousand dollars would yield five dollars monthly and the payments under the terms of the

agreement would do no more than satisfy the interest accruing, no part of the payment remaining for application upon the principal balance of one thousand dollars.

■ The effect of the argument of counsel for appellant is that the contract is without a due date. It follows that the contract is an instrument payable on demand. Under the statute (Rem. Rev. Stat., § 3398 [P.P.C. § 757-13]), an instrument in which no time for payment is expressed is payable on demand. The rule is that the statute of limitations begins to operate, upon a note payable on demand, from the date of its execution. *Chatos v. Levas,* 14 Wn. (2d) 317, 128 P. (2d) 284.

■ The 1923 agreement does not provide for the payment of interest, hence interest is payable on the agreed amount due at the legal rate of six per cent. Rem. Rev. Stat., § 7299 [P.P.C. § 677-1]. In the absence of any contract to the contrary, interest on money becomes due and payable only when the money becomes due and payable. 30 Am. Jur. 35.

"The rule of interpretation of contracts . . . appears to be well settled that, in the absence of a specific promise to pay the interest at a different time from that fixed for the payment of the principal, the principal and interest both become due at the same time." 10 A. L. R. 998.

The first installment of five dollars upon the principal obligation of one thousand dollars became due December 1, 1923, and on the first day of each and every month thereafter a five dollar installment was due until the whole of the principal sum of one thousand dollars had been paid. At the rate of five dollars monthly, two hundred installments would become necessary to pay the one thousand dollars, or the final installment would mature July 1, 1940.

■ We cannot agree with the argument of counsel for appellant that the agreement of 1923 is within that class of contracts designated "continuing contracts" upon which the statute of limitations commences to run only upon maturity of the final obligation or installment. The interest is an incident to the debt, and the application of the statute of limitations to the interest is determined in the case at

bar by fixing the time of maturity of the several principal installments. The rule supported by the weight of authority is that, when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it. 82 A. L. R. 317.

The judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.