FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JAN 16 AM 10: 42

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| HERBERT HEINTZ AND BARBARA HEINTZ, | ) ) ) | No. 76297-4-I |
| Appellants, | ) ) ) | |
| v. | ) ) | DIVISION ONE |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; QUALITY LOAN SERVICE CORP. OF WASHINGTON, TRUSTEE AND BANK OF AMERICA, A BANKING CORP. AND CAL-WESTERN RECONVEYANCE CORP. OF WASHINGTON, TRUSTEE, | ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) ) | FILED: January 16, 2018 |

MANN, J. — Herbert and Barbara Heintz appeal a trial court decision granting summary judgment in favor of U.S. Bank, N.A., as trustee for the LSF9 Master Participation Trust (U.S. Bank), and Bank of America in the Heintzes' action seeking to quiet title to their home. Because the statute of limitations did not bar U.S. Bank and Bank of America from enforcing their deeds of trust, we affirm.

## FACTS

In May 2007, the Heintzes took out a home equity line of credit from Bank of America secured by a junior deed of trust against their property. The loan agreement has a 10-year draw period followed by a 15-year repayment period. The repayment period ends on May 4, 2032, which is when the loan matures. The loan agreement allows for acceleration and immediate payment of the debt following default, but only after notice and opportunity to cure. Delay in enforcement of a default by Bank of America does not result in a waiver of rights.

In October 2007, the Heintzes obtained a $1,000,000 refinance loan from Washington Mutual Bank, signing a promissory note and deed of trust encumbering their home. The promissory note requires the Heintzes to repay the loan in monthly installments on the first of each month. The first payment came due on December 2007 and the last payment due in November 2037. The deed of trust provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and/or any other remedies permitted by Applicable Law.

Washington Mutual originated the Heintzes' loan. After the Federal Deposit Insurance Company placed Washington Mutual Bank in receivership, the FDIC assigned the note and deed of trust to JP Morgan Chase Bank, N.A. (Chase), and Chase, in turn, assigned the note and deed of trust to respondent U.S. Bank.

The Heintzes defaulted on the U.S. Bank loan in March 2010. The trustee mailed the Heintzes a notice of default in October 2010. The trustee recorded a series of notices of trustee's sale in November, 2010, July 2012, and September 2012. The trustee recorded a notice of discontinuance of the trustee's sale later in September 2012. Then, in December 2015, the trustee mailed the Heintzes a new notice of default. In January 2016, the trustee recorded a new notice of trustee's sale. A trustee's sale has not been held.

In March 2016, the Heintzes sued Bank of America and U.S. Bank seeking to quiet title to their home based on the allegation that a six-year statute of limitations governed enforcement of the notes and deeds of trust and that any claim for enforcement accrued in 2007 and expired before the Heintzes filed suit.

U.S. Bank and Bank of America moved for summary judgment. On December 23, 2016, the trial court granted summary judgment for both U.S. Bank and Bank of America. The Heintzes filed a timely notice of appeal.

## ANALYSIS

The Heintzes appeal the orders granting summary judgment in favor of respondents U.S. Bank and Bank of America. They argue that the statute of limitations on the respondents' deeds of trust ran. We disagree.

We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). Summary judgment is proper if no genuine issue of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c). When the underlying facts are undisputed, we review de novo whether the

statute of limitations bars an action. Bennett v. Computer. Task Grp., Inc., 112 Wn. App. 102, 106, 47 P.3d 594 (2002).

RCW 7.28.300 allows the record owner of real estate to quiet title against the lien of a mortgage or deed of trust on the real estate when the lien is barred by the statute of limitations. "As an agreement in writing, the deed of trust foreclosure remedy is subject to a six-year statute of limitations." Edmundson v. Bank of America, 194 Wn. App. 920, 927, 378 P.3d 272 (2016); RCW 4.16.040(1).

*U.S. Bank*

The Heintzes contend that they may maintain a quiet title action against U.S. Bank because the statute of limitations precludes the bank from enforcing the deed of trust that secures the promissory note. The Heintzes argue that the statute of limitations commenced running either on October 7, 2007, the inception date for the loan, or on October 1, 2010, the date that U.S. Bank accelerated the debt. Both arguments fail.

The Heintzes' argument that the statute of limitations commenced running on October 7, 2007, is without merit because their note is an installment note. Actions on an installment note accrue from the time that each installment becomes due. Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945). Consequently, the statute of limitations "runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." Herzog, 23 Wn.2d at 388.

-4-

The Heintzes' note was an installment note because it provided that "[the Heintzes] will pay Principal and interest by making a payment every month." The Heintzes defaulted on an installment due on March 1, 2010. This default caused U.S. Bank's claim for that installment to accrue and simultaneously commenced the statute of limitations for a claim to recover that installment only. Herzog, 23 Wn.2d at 388. Each subsequent default triggered commencement of a new statute of limitations for that payment.

The Heintzes' argument that the statute of limitations commenced running on October 1, 2010, when U.S. Bank accelerated the maturity date, and expired prior to the Heintzes commencing their action to quiet title also fails.

Where an obligation that was to be paid in installments is accelerated, then "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016). An affirmative action is required in order to accelerate a note's maturity date. A default alone does not accelerate the note. 4518 S. 256th, 195 Wn. App. at 435.

Serving a written notice of default constitutes commencement of an action to enforce an obligation under a promissory note. Edmundson, 194 Wn. App. at 930 (holding that serving a written notice of default before the six-year statute of limitations ran tolled the statute). Service of the written notice of default tolls the statute of limitations until 120 days after the date scheduled for nonjudicial foreclosure of the deed of trust. Bingham v. Lechner, 111 Wn. App. 118, 127-31,

45 P.3d 562 (2002); see RCW 61.24.040(6) (permitting trustee to continue the trustee's sale for periods not exceeding 120 days).

On October 1, 2010, eight months after the Heintzes' initial default, U.S. Bank accelerated the maturity date of the note. This acceleration simultaneously caused the claim to enforce payment of the whole debt to accrue and commenced the six-year statute of limitations for bringing that claim. If no further action had been taken by U.S. Bank, then the statute of limitations as to U.S. Bank's claim to recover the whole debt would have run on October 1, 2016.

U.S. Bank sent the Heintzes a notice of default on December 10, 2015, and recorded a notice of trustee's sale on January 22, 2016. The trustee's sale was set for May 27, 2016. U.S. Bank's action serving the notice of default tolled the statute of limitations. The statute tolled on December 10, 2015, and remained tolled until at least September 28, 2016 (120 days after the date set for the sale.) Edmundson, 194 Wn. App. at 930; Bingham, 111 Wn. App. at 127-31.[1] The statute of limitations remained tolled after the Heintzes commenced their action to quiet title on March 16, 2016. Because the statute of limitations did not preclude U.S. Bank from enforcing its foreclosure remedy at the time that the Heintzes sued to quiet title, the trial court properly granted summary judgment for U.S. Bank.

---

[1] The Heintzes' argument that Edmundson does not control this case because it only applies prospectively is unpersuasive. We did not limit Edmundson's application in any way. Except for "rare instances," decisions of law in Washington are generally applied retroactively. McDevitt v. Harbor View Med. Ctr., 179 Wn.2d 59, 75, 316 P.3d 469 (2013); see Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 271, 208 P.3d 1092 (2009).

*Bank of America*

The Heintzes argue that the trial court erred by granting summary judgment in favor of Bank of America because the statute of limitations precludes the bank from enforcing the deed of trust that secures the promissory note.

Again, the trial court properly granted summary judgment for Bank of America. When the Heintzes sued Bank of America to quiet title to their home, their credit agreement with Bank of America was still in its repayment period. The note's maturity date is May 4, 2032, and since Bank of America has not accelerated the debt, the Heintzes are still capable of repaying the note in accordance with the contract.[2]

Affirmed.

_____Mann, J._____

WE CONCUR:

_____Trickey, ACJ_____    _____Becker, J._____

---

[2] For the first time on appeal, the Heintzes argue that Bank of America waived its debt and that it is now estopped from collecting it. We decline to consider this issue as we generally do not consider issues raised for the first time on appeal. RAP 2.5.