**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT C. JARVIS; RETHA D. JARVIS, Husband and Wife,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation,<br><br>Defendant-Appellant. | No. 17-35428<br><br>D.C. No. 3:16-cv-05194-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 7, 2018
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[**] District Judge.

Defendant Federal National Mortgage Association ("Fannie Mae") appeals

the district court's grant of summary judgment to plaintiffs Robert and Retha

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Jarvis. The parties are familiar with the facts and proceedings, which are not set out here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Bradford v. Scherschligt*, 803 F.3d 382, 385–86 (9th Cir. 2015). For the reasons stated below, we affirm.

Under Washington law, the statute of limitations on a written installment contract—like the deed of trust here—is six years. Wash. Rev. Code § 4.16.040; *Edmundson v. Bank of Am.*, 378 P.3d 272, 276 (Wash. Ct. App. 2016). "[T]he statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Edmundson*, 378 P.3d at 277 (quoting *Herzog v. Herzog*, 161 P.2d 142, 144–45 (Wash. 1945)). The final six-year period to foreclose runs from the time the final installment becomes due. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. Ct. App. 2016). This may occur upon the last installment due before discharge of the borrower's personal liability on the associated note. *See Edmundson*, 378 P.3d at 278.

The Jarvises never reaffirmed or made any further payments on the note after their bankruptcy, and neither Fannie Mae nor any prior holder of the deed of trust ever accelerated the debt or initiated foreclosure proceedings. The statute of limitations to foreclose on the deed of trust ran from the last installment due before

2

the Jarvises' bankruptcy discharge in February 2009 and expired before the Jarvises brought this quiet-title action nearly seven years later in February 2016. Summary judgment in favor of the Jarvises on their quiet-title claim was therefore appropriate. *See* Wash. Rev. Code § 7.28.300.

Fannie Mae's arguments to the contrary are without merit. Calculating the statute of limitations from the last installment due before the bankruptcy discharge is not inconsistent with the United States Supreme Court's decisions in *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991), and *Dewsnup v. Timm*, 502 U.S. 410, 418–19 (1992). Although these decisions held that secured interests pass through bankruptcy unaffected, they did not speak to the effect of bankruptcy on the accrual of the statute of limitations for foreclosing on such interests, which is a matter of state law.

Calculating the statute of limitations in this way also does not conflict with the "ride-through doctrine" under which a debtor may continue to make payments after bankruptcy without reaffirming the debt, with 11 U.S.C. § 524(j), or with the Consumer Financial Protection Bureau regulations codified at 12 C.F.R. § 1026.41. The Jarvises did not continue to make payments after their bankruptcy, and thus these provisions are not at issue here. Fannie Mae's conjecture as to how these provisions might be abused in a different case in which a debtor did continue to

make payments after bankruptcy is not a reason to disregard Washington courts'

interpretation of the state statute of limitations. *See Edmundson*, 378 P.3d at 278.

**AFFIRMED.**