# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RYAN HOWARD,<br><br>               Appellant,<br><br>      v.<br><br>JP MORGAN CHASE BANK, N.A.,<br>successor in interest to WASHINGTON<br>MUTUAL BANK FA and QUALITY<br>LOAN SERVICE CORP. OF WASH.,<br><br>               Respondent. | DIVISION ONE<br><br>No. 81968-2-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Ryan Howard appeals from an order granting summary judgment and dismissing his fraud and quiet title claims. Howard contends that JP Morgan Chase Bank (Chase) engaged in fraud when it credited his account $213,378.60. This is so, he asserts, because Chase did not disclose the source of the credited payments. However, because Chase provided the credits itself, notified Howard of the credits, and Howard suffered no damages from receiving the credits, Howard fails to establish that crediting his account was fraudulent.

Howard also asserts that the trial court erred by dismissing his quiet title claim. He contends that Chase accelerated the due date of his loan from Chase when it initiated foreclosure in 2013.[1] Thus, Howard avers, the statutory limitation period applicable to enforcement of the promissory note commenced in 2013 and expired in 2019. However, because Chase took no unequivocal and

---

[1] It subsequently ceased these efforts due to ongoing litigation.

affirmative act to accelerate the loan, Howard lacks a basis to quiet title to his property based upon this claim.

Accordingly, we affirm.

I

In November 2007, Howard obtained a $520,000 home equity line of credit (the Bothell Note) from Washington Mutual, secured by a deed of trust on his Bothell property.[2]  The Bothell Note matures in 2037.  It is an installment note, meaning that "[p]ayments for both Variable Rate Advances and any Fixed Rate Loans are due monthly."  In 2009, Howard defaulted on the Bothell loan.  In response, Chase attempted to collect payments and contacted him about loss mitigation.

In 2013, Chase attempted to foreclose on the Bothell property.  To prevent this, Howard filed a lawsuit against Chase in Snohomish County Superior Court seeking to restrain the sale.  This complaint alleged (1) that Chase violated the Criminal Profiteering Act,[3] (2) that Chase engaged in deceptive practices that violated the Consumer Protection Act,[4] (3) that Chase's action "constitute[d] a breach of the loan agreement and [Chase is] estopped to deny said representations as the Plaintiff relied upon such promises," (4) that Howard was induced to enter into the loan agreement by fraudulent promises, and (5) that Howard was entitled to proceed on a cause of action for an injunction.

---

[2] Chase acquired this loan from the Federal Deposit Insurance Corporation, acting as receiver, after Washington Mutual's failure in September 2008.
[3] Ch. 9A.82 RCW.
[4] Ch. 19.86 RCW.

2

The trial court initially dismissed Howard's claims of promissory estoppel and fraud in the inducement of the loan. Later, the trial court granted Chase's motion for summary judgment dismissal of Howard's claims of Criminal Profiteering Act violations, Consumer Protection Act violations, and for an injunction, thus dismissing the 2013 lawsuit with prejudice. Howard did not appeal from that final judgment, and Chase did not immediately resume foreclosure efforts on the Bothell property.

Between September 2014 and December 2015, Chase continued to contact Howard about his default on the Bothell loan. Because of Howard's continued loan default, on February 1, April 1, June 1, and August 1 of 2016, Chase informed Howard that it might initiate foreclosure proceedings.

In 2017, Chase credited Howard's account for any unpaid amounts that were more than six years past due. It also issued various tax forms associated with those credits. It notified Howard of these actions by sending him various letters detailing the credits. Chase did this in order to avoid litigating any statutory limitation period issue concerning whether Howard remained liable for all past due amounts stemming from his 2009 default and failure to make payments thereafter. These credits were also listed in an April 2018 letter responding to a question from Howard regarding the Bothell loan. Chase also sent similar letters to Howard in June and August of 2018. Chase sent Howard another letter in April 2019, with a payment history, which again informed Howard about the credits Chase had applied to his account crediting unpaid amounts incurred beyond the six-year limitation period.

Nevertheless, Howard continued in default, making no monthly payments. In June 2019, Chase resumed nonjudicial foreclosure efforts. The Bothell property was sold as a result of the foreclosure. The foreclosure trustee recorded a June 2019 notice of trustee's sale, which it rescinded in October 2019 after Howard filed this lawsuit.

Howard filed this second lawsuit against Chase in October 2019, seeking to restrain the foreclosure sale based on claims of fraud, Consumer Protection Act violations, and a claim to quiet title to the Bothell property. Chase filed a motion for summary judgment appending numerous declarations in support of its motion. The superior court granted summary judgment. Howard moved for reconsideration. That motion was denied.

Howard appeals.

II

Three matters are referenced in Howard's briefing that are not properly at issue in this appeal. None of these rulings was the subject of an assignment of error as required. Our rules require an appellant to set forth "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." RAP 10.3(a)(4). We "will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." RAP 10.3(g). Moreover, these issues were not the subject of developed briefing in Howard's opening brief, as is also required. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Donaghe, 172 Wn.2d 253,

263 n.11, 256 P.3d 1171 (2011) ("'We do not review issues inadequately briefed or mentioned in passing'" (quoting State v. Donaghe, 152 Wn. App. 97, 111 n.23, 215 P.3d 232 (2009))).

The first of these matters is Howard's claim that he has a cause of action for an injunction. However, in addition to both the lack of an assignment of error and the inadequate briefing, "an injunction is a remedy, not an independent cause of action." Markoff v. Puget Sound Energy, Inc., 9 Wn. App. 2d 833, 851, 447 P.3d 577 (2019), review denied, 195 Wn.2d 1013 (2020). Therefore, were we to entertain the issue (which we do not) we would rule that the superior court properly dismissed this cause of action.

The second matter is Howard's Consumer Protection Act cause of action. The trial court dismissed this cause of action, and Howard did not assign error to the trial court's ruling. Thus, the issue is not properly preserved for us for review.

The third matter is the question of the legality of the Bothell loan. In addition to being waived by the absence of an assignment of error and the absence of developed briefing, this issue is also barred by both issue and claim preclusion. The superior court relied, in part, on these principles when it granted Chase summary judgment. Thus, even were we to reach the merits of this issue (which we decline to do), we would affirm the trial court's ruling.

III

The trial court dismissed on summary judgment two claims that Howard has properly preserved for appeal. We address each of these claims separately.

A

"We engage in a de novo review of a ruling granting summary judgment. Thus, we engage in the same inquiry as the trial court." Green v. Normandy Park, 137 Wn. App. 665, 681, 151 P.3d 1038 (2007) (citation omitted). "Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Green, 137 Wn. App. at 681. "The 'facts' required . . . to defeat a summary judgment motion are evidentiary in nature. Ultimate facts or conclusions of fact are insufficient. Likewise, conclusory statements of fact will not suffice." Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988) (citation omitted), abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas County, 189 Wn.2d 516, 404 P.3d 464 (2017); accord Overton v. Consol. Ins. Co., 145 Wn.2d 417, 430, 38 P.3d 322 (2002). We construe all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Green, 137 Wn. App. at 681.[5]

B

Howard next contends that the trial court erred by granting Chase's motion for summary judgment, thus dismissing his fraud claim. Howard focuses on the fact that Chase credited his loan for possible time-barred past-due payments in 2017. However, because Howard fails to show either falsity, misrepresentation,

---

[5] In his opening brief, Howard asserts that the trial court did not construe the evidence in his favor, as required on a summary judgment motion. This argument is of no moment. De novo review applies to our inquiry. We properly apply the summary judgment standards in our analysis.

6

or damages, he necessarily fails to establish that Chase engaged in fraud by crediting his account.

To establish fraud, a plaintiff must show: (1) a misrepresentation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996). Each of these elements is necessary, and the lack of any is dispositive. Repin v. State, 198 Wn. App. 243, 262, 392 P.3d 1174 (2017).

The trial court correctly granted summary judgment on two bases. First, no falsity or misrepresentation was shown. Chase alerted Howard that it had credited his account and sent him payment histories and documents detailing those credits. Chase explained that it credited the amounts to avoid including unpaid amounts beyond the six-year statutory limitation period when it foreclosed. Therefore, Howard did not prove fraud because he did not prove a misrepresentation of fact or falsity.

Second, Howard did not demonstrate that he suffered any damages. To the contrary, the evidence tends to show that Howard benefited from the credits because they reduced the balance he owed. Indeed, Howard did not argue that he was damaged in the superior court. And he does not attempt to explain on appeal what damages he suffered. Instead, Howard makes the claim that, by decreasing the amount of its monetary claims against him, Chase thereby

deprived him of the ability to contest his liability for a greater amount. This is nonsensical. By reducing its monetary claim against Howard, Chase conceded any possible contested amount. It gave Howard the benefit of the argument prior to initiating the foreclosure proceeding. Plainly, Howard was done no damage.

Howard's fraud claim fails on these two counts, as he does not show either damages or falsity. Accordingly, the trial court correctly granted Chase's motion for summary judgment, dismissing the claim of fraud.

C

Howard finally contends that the trial court erred by dismissing his cause of action seeking to quiet title to the property. Quiet title actions are "designed to resolve competing claims of ownership . . . [or] the right to possession of real property." Kobza v. Tripp, 105 Wn. App. 90, 95, 18 P.3d 621 (2001). A pertinent statute provides:

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

RCW 7.28.300.[6]

> An action on a contract or agreement in writing must be commenced within six years. RCW 4.16.040. "As an agreement in writing, [a] deed of trust foreclosure remedy is subject to a six-year statute of limitations." Edmundson v. Bank of Am., NA, 194 Wn. App. 920, 927, 378 P.3d 272 (2016).

---

[6] We presume that Howard sought to quiet title under RCW 7.28.300, although this remains unclear from the record.

8

<u>Merceri v. Bank of New York Mellon</u>, 4 Wn. App. 2d 755, 759, 434 P.3d 84

(2018).

> Washington law distinguishes between demand promissory notes and installment promissory notes. <u>Edmundson</u>, 194 Wn. App. at 928-32. "'A demand [promissory] note is payable immediately on the date of its execution.'" <u>Edmundson</u>, 194 Wn. App. at 929 (internal quotation marks omitted) (quoting <u>GMAC v. Everett Chevrolet</u>, Inc., 179 Wn. App. 126, 135, 317 P.3d 1074 (2014)). As such, the statutory limitation period begins to run on a demand note when it is executed. <u>Walcker v. Benson & McLaughlin, PS</u>, 79 Wn. App. 739, 741-42, 904 P.2d 1176 (1995). An installment promissory note, on the other hand, is payable in installments and matures on a future date. <u>See Edmundson</u>, 194 Wn. App. at 929; <u>see also Herzog v. Herzog</u>, 23 Wn.2d 382, 388, 161 P.2d 142 (1945). "'[W]hen recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.'" <u>Edmundson</u>, 194 Wn. App. at 930 (quoting <u>Herzog</u>, 23 Wn.2d at 388).

<u>Merceri</u>, 4 Wn. App. 2d at 759-60.

The Bothell Note required Howard to make monthly installment payments.

Therefore, the statutory limitation period commences separately as to each

missed payment up to the 2037 maturity date. Thus, the statutory limitation

period will not expire until 2043. <u>Herzog</u>, 23 Wn.2d at 388; <u>Cedar W. Owners

Ass'n v. Nationstar Mortg., LLC</u>, 7 Wn. App. 2d 473, 484-85, 434 P.3d 554

(2019).

Acceleration of payments due on an installment note does not take place

by chance. Long ago, our Supreme Court made clear that for the entire

obligation on the note to become due, "[s]ome affirmative action is required,

some action by which the holder of the note makes known to the payors that he

intends to declare the whole debt due." <u>Weinberg v. Naher</u>, 51 Wash. 591, 594,

99 P. 736 (1909). We repeated this rule seven decades later, <u>Glassmaker v. Ricard</u>, 23 Wn. App. 35, 37-38, 593 P.2d 179 (1979), and again four decades after that. <u>Merceri</u>, 4 Wn. App. 2d at 759-60.

Thus, it is clear that, "acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." <u>Glassmaker</u>, 23 Wn. App. at 38.

However, "a lender is not required to accelerate the loan in order to pursue a nonjudicial foreclose. . . . [A]cceleration does not occur automatically by invoking the power of sale." <u>4518 S. 256th, LLC v. Karen L. Gibbon, PS</u>, 195 Wn. App. 423, 445, 382 P.3d 1 (2016); <u>accord</u> <u>Terhune v. N. Cascade Tr. Servs., Inc.</u>, 9 Wn. App. 2d 708, 719, 446 P.3d 683 (2019) ("And even the initiation of nonjudicial foreclosure proceedings does not automatically accelerate a note.").

Howard contends that the statutory limitation period applicable to the enforcement of the Bothell Note expired because Chase accelerated the debt, thus essentially turning the installment note into a demand note. In support of this contention, Howard argues that language in the 2013 notice of trustee's sale and the unconsummated foreclosure sale in 2013 necessarily accelerated the due date of the Bothell Note. Thus, he claims, the six-year statutory limitation period began in 2013 and expired in 2019.

Howard's assertion fails. His first claim, that the Bothell loan was accelerated because the wording of the 2013 notice of trustee sale states that it was collecting on the "Obligation," does not support his argument. He contends

that the capitalization of the word "Obligation" in the 2013 notice of trustee sale implies that it was a demand for the payment of the entirety of the amount due on the note. To the contrary, the capitalization of a statutorily required word does not clearly and unequivocally indicate that Chase accelerated the loan. See Merceri, 4 Wn. App. 2d at 761 ("[C]lear and unequivocal" action required to accelerate). Acceleration cannot be established by implication.

Howard next argues that, because Chase initiated the 2013 sale, Chase accelerated the Bothell loan. But the initiation of a foreclosure proceeding does not have this effect. Terhune, 9 Wn. App. 2d at 719. There is no authority for the proposition that Howard advances. All legal authority is to the contrary.

Because Chase did not act to unequivocally and affirmatively accelerate the Bothell loan, the statutory limitation period applicable to the promissory note and deed of trust securing it was not altered. The limitation period does not expire until 2037. The trial court correctly granted summary judgment in favor of Chase.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____   _____
Coburn, J.              Bowman, J.