IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PRINCE ERIC LUV, | No. 81991-7-I |
| Respondent, | |
| v. | DIVISION ONE |
| WEST COAST SERVICING, INC., | UNPUBLISHED OPINION |
| Appellant. | |

COBURN, J. — West Coast Servicing, Inc. (WCS) appeals a trial court decision on cross-motions for summary judgment quieting title in Prince Eric Luv. WCS contends that the trial court erred in ruling that the statute of limitations barred foreclosure of the deed of trust that secured Luv's home equity loan. We adhere to our decision in Edmundson v. Bank of America, 194 Wn. App. 920, 378 P.3d 272 (2016), and hold that the six-year statute of limitations to enforce a deed of trust commences from the date the last payment on the note was due prior to the discharge of a borrower's personal liability in bankruptcy. Because WSC initiated foreclosure more than six years after Luv's bankruptcy discharge, the action was time barred. We therefore affirm.

FACTS

On November 18, 2005, Luv opened a home equity line of credit for $38,200 with lender Mortgageit, Inc. secured by a deed of trust against his home in Everett. The deed of trust identifies Landamerica Transnation as the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the deed of trust beneficiary. The accompanying

Citations and pin cites are based on the Westlaw online version of the cited material.

promissory note required Luv to repay any indebtedness in monthly installments over 20 years.

Luv filed for chapter 7 bankruptcy on December 2, 2008. The bankruptcy trustee found no value in the property above the secured debt and the homestead exemption and did not sell the property. On March 11, 2009, the bankruptcy court entered an order discharging Luv's personal liability on his debts, including the home equity loan. Luv made no payments on that debt since prior to his bankruptcy discharge.

On August 9, 2018, MERS transferred its interest in the deed of trust to WSC. WSC then initiated a non-judicial foreclosure against Luv's encumbered property.[1] On April 17, 2019, Luv filed a quiet title action against WSC arguing that the statute of limitations for enforcement of the deed of trust expired six years after the bankruptcy discharge of his personal liability for repayment of the loan under the note. On cross-motions for summary judgment, the trial court ruled in favor of Luv and entered an order extinguishing the deed of trust and quieting title in Luv. WSC appeals.

DISCUSSION

WSC argues that the trial court erred by granting Luv's motion for summary judgment and quieting title in Luv. This is so, WSC contends, because the bankruptcy discharge did not commence the applicable statutory limitation period regarding its ability to enforce payment of Luv's loan obligation. We disagree.

We review a trial court's decision on a summary judgment motion de novo. Merceri v. Bank of N.Y. Mellon, 4 Wn. App. 2d 755, 759, 434 P.3d 84 (2018). Summary

---

[1] See Notice of Trustee's Sale, publicly recorded under Snohomish County Recorder's No. 201901070138.

judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When the underlying facts are undisputed, we review de novo whether the statute of limitations bars an action. Bennett v. Comput. Task Grp., Inc., 112 Wn. App. 102, 106, 47 P.3d 594 (2002).

Under RCW 7.28.300, the record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose is barred by the statute of limitations. A promissory note and deed of trust are written contracts that are subject to a six-year statute of limitations. RCW 4.16.040(1); Westar Funding, Inc. v. Sorrels, 157 Wn. App. 777, 784, 239 P.3d 1109 (2010). The six-year period commences "after the cause of action has accrued." RCW 4.16.005. "For a deed of trust, the six-year statute of limitations begins to run when the party is entitled to enforce the obligations of the note." Wash. Fed. v. Azure Chelan, LLC, 195 Wn. App. 644, 663, 382 P.3d 20 (2016); Walcker v. Benson and McLaughlin, P.S., 79 Wn. App. 739, 740-41, 904 P.2d 1176 (1995) (holding a creditor's right of non-judicial foreclosure of a deed of trust does not extend beyond the limitation period for enforcement of the underlying debt).

Under an installment promissory note, the statutory limitation period is triggered by each missed monthly installment payment at the time it is due. Cedar W. Owners Ass'n. v. Nationstar Mortg., LLC, 7 Wn. App. 2d 473, 484, 434 P.3d 554 (2019); Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945) (holding that " 'when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.' "). In the event that an installment note is accelerated,

the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously come due.  4518 S. 256th, LLC v. Karen L. Gibbon, PS, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016).

At issue in this case is whether Luv's bankruptcy discharge commenced the running of the statute of limitations on an action to enforce the deed of trust.  Our opinion in Edmundson is controlling.  In Edmundson, the debtors obtained a loan to purchase real property.  The loan was documented by a promissory note payable in monthly installments, and a deed of trust secured the note. 194 Wn. App. at 923.  The debtors stopped making payments and subsequently received a chapter 13 bankruptcy discharge.  Id.  The successor trustee sought to enforce the deed of trust approximately a year after the bankruptcy discharge.  Id.  The debtors then filed a quiet title action asserting that the lien to the deed of trust was no longer enforceable.  194 Wn. App. at 924.  The trial court granted summary judgment to the debtors based on its conclusion that the deed of trust was unenforceable because the discharge of the debtor's personal liability in bankruptcy also discharged the deed of trust lien.  194 Wn. App. at 924.

The Edmundson court began its analysis by noting that a bankruptcy discharge extinguishes only the personal liability of the debtor, but the creditor's right to foreclose on the deed of trust survives the bankruptcy.  194 Wn. App. at 925 (citing Johnson v. Home State Bank, 501 U.S. 78, 82-84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991)).  Because the right to foreclose the lien of the deed of trust on the debtors' property was not affected by the bankruptcy discharge, the appellate court held that the trial court erred in granting summary judgment to the debtors.  194 Wn. App. at 926-27.

Of particular significance to this case, the Edmundson court also held that a bankruptcy discharge commences the six-year statutory limitation period for enforcing a deed of trust for an obligation payable in installments. Edmundson, 194 Wn. App. at 930-31 (citing Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945)). The court reasoned that the statute of limitations does not accrue after discharge because, at that point, no future installment payments are due and owing on the note or deed of trust. 194 Wn. App. at 931. Because the debtors' missed payments accrued within six years of the trustee's resort to remedies, the statute of limitations did not bar enforcement of the deed. 194 Wn. App. at 931.

Washington and federal courts have followed the rule announced in Edmundson. See Jarvis v. Fed. Nat'l Mortg. Ass'n, 726 F. Appx. 666, 677 (9th Cir. 2018) ("The final six-year period to foreclose runs from the time the final installment becomes due . . . [which] may occur upon the last installment due before discharge of the borrower's personal liability on the associated note."); Spesock v. U.S. Bank, No. C18-0092JLR, 2018 WL 4613163, at *4 (W.D. Wash. Sept. 26, 2018) (court order) (noting that, "[w]hen a note is discharged in a Chapter 7 bankruptcy, the statute of limitations to enforce the corresponding deed of trust runs from the date the last payment on the note was due prior to the Chapter 7 discharge"); Taylor v. PNC Bank, C19-01142-JCC, 2019 WL 4688804 (W.D. Wash. Sept. 26, 2019) (court order) (holding that "the statute of limitations on Defendant's ability to enforce the deed of trust began to accrue on the last date an installment was due prior to the discharge"); U.S. Bank v. Kendall, No. 77620-7-I, slip. op. at 9 (Wash. Ct. App. 2d July 1, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/776207.pdf (noting that although a deed of trust's

lien is not discharged in bankruptcy, the limitations period for an enforcement action nonetheless "accrues and begins to run when the last payment was due" prior to discharge); Hernandez v. Franklin Credit Mgmt. Corp., C19-0207-JCC, 2019 WL 3804138 (W.D. Wash. Aug. 13, 2019) (court order) (applying Edmundson to conclude that the trustee's attempt to enforce the deed of trust was time barred).

Here, Luv received a chapter 7 discharge of his personal liability on the note on March 11, 2009. Under Edmundson, the six-year statute of limitations on the note was triggered on March 1, 2009, the date that Luv's last payment was due prior to his bankruptcy discharge. Enforcement of the deed of trust was thus time barred after March 1, 2015. As of the date of discharge, the creditor could no longer enforce Luv's personal liability, and its only remaining recourse was to foreclose on the property in rem. WSC sought to foreclose more than three years after expiration of the statute of limitations. Accordingly, the trial court did not err in extinguishing the deed of trust and quieting title in Luv.

WSC urges us to reject Edmundson and instead hold that bankruptcy discharge does not trigger commencement of the statute of limitations under an installment note. WSC argues that the Edmundson rule is not rooted in state law; rather, it is the product of inadvertent language from a federal court case that this court copied and pasted into its opinion without any legal citation or analysis. WSC further contends that the Edmundson rule contradicts existing black letter bankruptcy law because it is based on the faulty assumptions that a bankruptcy discharge eliminates or accelerates a secured debt. WSC is incorrect.

The Edmundson court based its reasoning on settled law from the Washington Supreme Court holding that "when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it."  194 Wn. App. at 930 (quoting Herzog, 23 Wn.2d at 388.  "A statute of limitation does not invalidate a claim, but rather 'deprives a plaintiff of the opportunity to invoke the power of the courts in support of an otherwise valid claim."  Walcker, 79 Wn. App. at 743 (quoting Stenberg v. Pac. Power & Light Co., 104 Wn.2d 710, 714, 709 P.2d 793 (1985)).  Edmundson cannot be read to stand for the proposition that bankruptcy discharge eliminates or accelerates the debt; rather, discharge triggers the statutory limitation period during which a creditor may enforce the deed of trust.

WSC also asserts that the Edmundson rule has been criticized by the bankruptcy courts in this state.  See In re Plastino, 69 Bankr. Ct. Dec. (LRP) 177 (Bankr. W.D. Wash. Dec. 29, 2020); In re Griffith, No. 18 Bankr. Ct. Nov. (TWD) (Bankr. W.D. Wash. Nov. 2, 2020); Hernandez v. Franklin Credit Mgmt. Corp., No. C19-0207-JCC, 2019 WL 3804138 (W.D. Wash. Aug. 13, 2019) (court order) (rejecting Edmundson and holding that a bankruptcy discharge does not trigger commencement of the statute of limitations under an installment note).  These courts reasoned that the Edmundson rule is dicta that need not be followed, and that the rule is inconsistent with the principle that acceleration is not automatic but requires action by the lender.  However, on appeal of Hernandez, the United States District Court of the Western District of Washington and the Ninth Circuit Court of Appeals rejected the bankruptcy court's reasoning and ruled that Edmundson is controlling.  In re Hernandez, 820 Fed. Appx. 593 (September 8,

2020). The bankruptcy court cases cited by WSC do not persuade us to depart from Edmundson.[2]

WSC further argues that the Edmundson rule serves no policy objective and would be disastrous for secured lending in this state. WSC contends that the rule would have broad implications that bar enforcement of a deed of trust following bankruptcy discharge. But because the statute of limitations does not operate when payments are voluntarily made or when the debtor acknowledges the debt, all mortgage debts will not automatically become uncollectible after discharge. See In re Tragopan Prop, LLC, 164 Wn. App. 268, 273, 263 P.3d 613 (2011) (noting that an untimely action may be maintained under RCW 4.16.280 by a written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay).

Moreover, we agree with Luv that it is against public policy to allow a deed of trust to be enforced without limits. Statutes of limitations promote justice and ensure fairness by "preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have

---

[2] WSC attached to its reply brief a draft version, though not identified as such, of a recent article summarizing recent case law on this subject. See Jason Wilson-Aguilar, Does a Bankruptcy Discharge Trigger the Running of the Statute of Limitations on Actions to Enforce a Deed of Trust? Creditor Debtor Rights Newsletter, Washington State Bar Association, summer 2019, at 3. WSC offered the draft article as persuasive authority for the proposition that subject matter expert Wilson-Aguilar disagreed with Edmundson. However, the final published version of the article, offered by amicus curiae Northwest Consumer Law Center, differed significantly from the draft version offered by WSC. Most notably, the final published version observed that the United States District Court's decision in Hernandez "plainly deals a serious – perhaps fatal – blow to the legal argument the bankruptcy court approved" in the cases cited by WSC. We therefore strike the draft version offered by WSC.

disappeared." Langlois v. BNSF Ry. Co., 8 Wn. App. 2d 845, 862, 441 P.3d 1244 (2019). "[T]hese goals are generally applicable in foreclosure proceedings, whether based on mortgages or deeds of trust." Walcker, 79 Wn. App. at 746 (stating that "the goals are to eliminate the fears and burdens of threatened litigation and to protect a defendant against stale claims.") Here, WSC purchased Luv's debt in 2018, nine years after his bankruptcy discharge. Public policy disfavors allowing homeowners to indefinitely face the specter of foreclosure following bankruptcy discharge.

Both parties request attorney fees under RCW 4.84.330 and the deed of trust. We may award attorney fees and expenses on appeal under RAP 18.1(a) if applicable law grants to a party the right to recover reasonable attorney fees and if the party requests the fees in compliance with RAP 18.1. RCW 4.84.330 provides:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

Here, the deed of trust provides that the lender "shall be entitled to collect all reasonable fees and costs actually incurred by [the lender] in proceeding to foreclosure or to public sale," including "reasonable attorneys' fees." Because Luv has prevailed on appeal, his reasonable attorney fees and costs incurred on appeal are awarded upon compliance with RAP 18.1.

Affirmed.

_Cohen, J._

WE CONCUR:

_Brennan, J_          _Dwyer, J._

9