IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PRINCE ERIC LUV, <br><br> Respondent, <br><br> v. <br><br> WEST COAST SERVICING, INC., <br><br> Appellant. | No. 83959-4-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

CHUNG, J. — Luv opened a home equity line of credit secured by a deed of trust against his home, and after Luv stopped making payments, West Coast Servicing, Inc. (WCS) sought to foreclose on the deed of trust. We affirmed an order quieting title in Luv because WCS's claims were precluded on statute of limitations grounds. WSC then filed a CR 60(b)(11) motion, which was denied. On appeal, we held that the trial court did not abuse its discretion in denying WCS's CR 60 motion to vacate an order quieting title in Luv. Specifically, we reasoned that our decision in Copper Creek (Marysville) Homeowners Ass'n v. Kurtz, 21 Wn. App. 2d 605, 508 P.3d 179 (2022), holding that the statute of limitations to foreclose on a deed of trust securing an installment loan accrued with each unpaid installment, even after a bankruptcy discharge, was not a change in law warranting relief under CR 60(b)(11).

After the Supreme Court affirmed our decision in <u>Copper Creek</u>,[1] it granted WSC's petition for review and remanded the case to this court for reconsideration in light of that decision. Having reconsidered our decision, because we conclude <u>Copper Creek</u> affirmed principles that our Supreme Court first stated in 1945,[2] it was not a change in the law. Because there are no extraordinary circumstances justifying relief from the trial court's order quieting title in Luv, we again affirm the trial court's denial of WSC's attempt to relitigate the issue through a CR 60(b)(11) motion to vacate.

## BACKGROUND[3]

WSC, which holds a lien against Prince Eric Luv's real property in security for repayment of a home equity loan, initiated a nonjudicial foreclosure proceeding against Luv. <u>See</u> <u>Luv v. W. Coast Servicing, Inc.</u>, No. 81991-7-I at 1 (Wash. Ct. App. Aug. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819917.pdf., <u>review denied</u>, 198 Wn.2d 1035, 501 P.3d 135 (2022). Luv filed a quiet title action, asserting that the statute of limitations expired before WSC initiated foreclosure. <u>Luv</u>, slip op. at 2. The trial court agreed with Luv and entered an order that extinguished the deed of trust

---

[1] <u>Copper Creek (Marysville) Homeowners Ass'n v. Kurtz</u>, 1 Wn.3d 711, 532 P.3d 601 (2023); <u>see also</u> <u>Merritt v. USAA Federal Savings Bank</u>, 1 Wn.3d 692, 532 P.3d 1024 (2023) (companion case).

[2] <u>Herzog v. Herzog</u>, 23 Wn.2d 382, 161 P.2d 142 (1945).

[3] The underlying facts of this case are set forth in two prior appellate decisions and will be repeated here only as necessary. <u>See</u> <u>Luv v. W. Coast Servicing, Inc.</u>, No. 81991-7-I (Wash. Ct. App. Aug. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819917.pdf, <u>review denied</u>, 198 Wn.2d 1035, 501 P.3d 135 (2022); <u>West Coast Servicing, Inc., v. Luv</u>, No. 83959-4-I (Wash. Ct. App. Nov. 28, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/839594.pdf.

and quieted title in Luv. Id. Relying on a prior decision of this court, Edmundson v. Bank of Am., N.A., 194 Wn. App. 920, 378 P.3d 272 (2016), we upheld the trial court's decision on appeal, and the Washington State Supreme Court denied review. Luv, slip op. at 1.

Shortly after our decision in the direct appeal in this case, this court issued a published decision in Copper Creek and held that, contrary to the unpublished decision of this court in Luv and other state and federal decisions, bankruptcy discharge of personal liability on a promissory note does not affect the statutory limitation period to enforce a deed of trust. Copper Creek, 21 Wn. App. 2d at 617-18. In doing so, we explained that courts reaching contrary conclusions had misinterpreted Edmundson. Id. at 620-24.

WSC then filed a CR 60(b) motion in the trial court seeking to vacate the order extinguishing the deed of trust and quieting title in Luv. WSC claimed it was entitled to relief because Copper Creek was an "intervening change of law." The trial court disagreed and denied the motion, concluding that "the defect in the trial court's original judgment was, according to Copper Creek, an error in law, and Copper Creek did not change the law but correctly applied the already existing law."

We affirmed the trial court's order. We noted that while a change in the law may, in rare instances, amount to extraordinary circumstances to warrant vacating a judgment or order under CR 60(b)(11), the decision in Copper Creek clarified precedent, but did not change the law. See West Coast Servicing, Inc. v.

Luv, No. 83959-4-I (Wash. Ct. App. Nov. 28, 2022) (unpublished),

https://www.courts.wa.gov/opinions/pdf/839594.pdf.

The Supreme Court accepted review in Copper Creek and a related

companion case, Merritt v. USAA Fed. Sav. Bank, No. 82162-8-I, (Wash. Ct.

App. Mar. 28, 2022) (unpublished),

https://www.courts.wa.gov/opinions/pdf/821628.pdf.  While those cases were

pending, WSC petitioned for review of our decision affirming the denial of the CR

60(b)(11) motion. The Supreme Court stayed the matter pending the decisions in

Copper Creek and Merritt.

In July 2023, the Supreme Court issued its decisions in Copper Creek and

Merritt. Subsequently, in October 2023, the Supreme Court ordered "[t]hat the

petition for review is granted and the case is remanded to the Court of Appeals

Division I for reconsideration in light of [Copper Creek]." Thus, we reconsider the

question raised previously, whether the trial court's denial of relief CR 60(b)(11)

was an abuse of discretion.

DISCUSSION

"The finality of judgments is an important value of the legal system," and

"CR 60 is the mechanism to guide the balancing between finality and fairness."

Suburban Janitorial Servs. v. Clarke Am., 72 Wn. App. 302, 313, 863 P.2d 1377

(1993). While we previously set out the applicable CR 60(b) standards in our

prior opinion, we reiterate that CR 60(b)(11), the catchall provision on which

WSC relies, is "intended to serve the ends of justice in extreme, unexpected

4

situations and when no other subsection of CR 60(b) applies." Shandola v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). See also Shum v. Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991) (CR 60(b)(11) motions are "confined to situations involving extraordinary circumstances not covered by any other section of CR 60(b)"). "Errors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal." In re Marriage of Tang, 57 Wn. App. 648, 654, 789 P.2d 118 (1990) (citing Burlingame v. Consolidated Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986)).

The decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's discretion. Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). We review CR 60(b) orders for abuse of discretion, and a trial court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons. Shandola, 198 Wn. App. at 896.

In its initial briefing in this appeal, WSC argued that this court's decision in Copper Creek constituted a change in the law, rather than an error in the law. We disagreed and affirmed the trial court's denial of the CR 60(b)(11) motion to vacate, holding that Copper Creek was not a change in the law justifying relief. WSC argues in supplemental briefing that the Supreme Court's decision in Copper Creek "rejected the rule[] relied-upon by the superior court." WSC makes no additional argument regarding CR 60(b)(11), and, indeed, does not even cite

5

to it.[4] Nevertheless, in keeping with our charge on remand, we will reconsider our prior decision in light of the Supreme Court's decision in Copper Creek.

In Copper Creek, the Supreme Court affirmed this court's decision and held that "a new foreclosure action on the deed of trust accrues with each missed installment payment, even after the borrower's personal liability is discharged." Copper Creek (Marysville) Homeowners Ass'n v. Kurtz, 1 Wn.3d 711, 718, 532 P.3d 601 (2023); see also Merritt v. USAA Federal Savings Bank, 1 Wn.3d 692, 702, 532 P.3d 1024 (2023) (bankruptcy discharge "does not trigger the statute of limitations to enforce the related deed of trust"). The Supreme Court's decisions in Copper Creek and Merritt are consistent with our analysis in Copper Creek. In our Copper Creek decision, we noted that the Edmundson court reached its decision on the limited issues before it by applying settled law to the facts. Copper Creek, 21 Wn. App. 2d at 620, 624. We observed that other courts' subsequent interpretation of additional language in Edmundson was unsupported by bankruptcy law, and the interpretation was inconsistent with Edmundson's express rejection of the claim that bankruptcy discharge in and of itself accelerates the maturity of the debt. Copper Creek, 21 Wn. App. 2d at 623.

Similarly, the Supreme Court noted that while language in Edmundson implies that "the statute of limitations stops accruing on missed payments due

---

[4] For his part, in his supplemental briefing, Luv also does not address the CR 60(b)(11) standard or the effect of the Supreme Court's decision in Copper Creek. Instead, he argues that this court lacks power to change or modify our decision because we issued a mandate and declined to review that decision under RAP 2.5(c)(2). Luv ignores the subsequent procedural history: the Supreme Court granted review and then remanded to this court for reconsideration.

under an installment contract following a bankruptcy discharge," the discussion in Edmundson of the application of the statute of limitations to subsequent installment payments after discharge was unnecessary, as the court had already "answered the only questions actually at issue in the case." Merritt, 1 Wn.3d at 706-07. Thus, the Supreme Court disavowed this language in Edmundson, characterizing it as "dicta" and as inconsistent with established principles related to deeds of trust and bankruptcy. Copper Creek, 1 Wn.3d at 718; Merritt, 1 Wn.3d at 706-07. The court in Merritt also pointed out that Edmundson cited no authority to support the "unstated premise" that installment payments cease to become due following bankruptcy, "which runs counter to the well-established principles of contract law and bankruptcy law[.]" Id. at 707.

Instead, as the Merritt court explained, while "it is correct that following a discharge, a creditor can no longer sue a debtor personally to recover a debt," in the terms of a 1945 case, Herzog v. Herzog, "following a bankruptcy discharge, an action can still be brought to recover on subsequent missed installments, but that action is limited to an in rem action." Merritt, 1 Wn.3d at 704-05 (citing Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945)). Therefore, citing our analysis in Copper Creek with approval, the Supreme Court noted that, to the extent that a "rule" about the effect of bankruptcy discharge was attributed to Edmundson, that rule was "incorrect because a lien survives bankruptcy discharge; bankruptcy eliminates only the debtor's personal liability on the note, leaving 'the debt, the note, and the payment schedule . . . unchanged'; and

'[m]issing a payment in an installment note does not trigger the running of the statute of limitations on the portions of the debt that are not yet due or mature.' " Merritt, 1 Wn.3d at 707-08 (quoting Copper Creek, 21 Wn. App. 2d at 625).

The recent decisions affirming our holding in Copper Creek do not change our analysis of the trial court's resolution of WSC's CR 60(b) motion or lead us to conclude that the trial court abused its discretion. The identified basis for the motion was our decision in Luv, which relied on Edmundson. This is a legal error that is not correctable by a CR 60(b)(11) motion.

Moreover, the fact "[t]hat relief potentially is available under CR 60(b)(11) based on a postjudgment court decision does not resolve [a] case. [The moving party] must show that under the specific facts of [its] case extraordinary circumstances exist that entitled [it] to CR 60(b)(11) relief." Shandola, 198 Wn. App. at 903. In Shandola, while there was a change in the law, the court also identified five factors that supported a finding of extraordinary circumstances and discussed each at length. 198 Wn. App. at 904-05. Similarly, as the court in Shandola noted, in another case involving a CR 60(b)(11) motion based on a change in the law, In re Marriage of Flannagan, 42 Wn. App. 214, 709 P.2d 1247 (1985), the court "focused on extraordinary circumstances other than the change in the law," and it was those extraordinary circumstances that allowed for the

retroactive application of new legislation that changed the applicable law. Shandola, 198 Wn. App. at 903 (citing Flannagan, 42 Wn. App. at 222).[5]

As it is appropriate to grant relief under CR 60(b)(11) only in "extreme, unexpected situations" and "extraordinary circumstances," which have not been demonstrated here, the trial court did not abuse its discretion in denying WSC's motion to vacate.

Affirmed.

_Chung, J._

WE CONCUR:

_Birk, J._          _Dwyer, J._

---

[5] The court in Flannagan described the extraordinary circumstances there as follows:

[F]irst, the clear congressional desire of removing all ill effects of McCarty [a U.S. Supreme Court decision holding that military retirement benefits could not be distributed as community property]; second, the alacrity with which the Congress moved in passing the USFSPA [Uniformed Services Former Spouses Protection Act]; third, the anomaly of allowing division of the military retirement pay before McCarty and after USFSPA, but not during the 20-month period in between; and fourth, the limited number of [divorce] decrees that were final and not appealed during that period.

Flannagan, 42 Wn. App. at 222 (footnote omitted).